IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH DOWLING, | : | |
| | : | CIVIL ACTION NO. **1:CV-10-472** |
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I. Background**.

On March 2, 2010, Plaintiff Beth Dowling, an adult living at 108 Frable Road, Apartment A, Gilbert, Monroe County, Pennsylvania, filed, through counsel, the instant Complaint against sole Defendant the United States of America ("U.S.") pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680) ("FTCA"). (Doc. 1). In her Complaint, Plaintiff Dowling requests a total of one million ($1,000,000) dollars in damages, $250,000 as claimed with the administrative agency and $750,000 in excess of the amount claimed with the administrative agency, resulting from injuries she allegedly received while working at the Tobyhanna Army Depot ("Army Depot"), Monroe County, Pennsylvania, while employed by Defense Support Services, LLC, as a civilian contractor/employee. (*Id*. at pp. 9-10).

Plaintiff alleges in her Complaint that on December 27, 2005, she used a walkway on the grounds of the Army Depot, which was in the possession and control of Defendant U.S., to go from the main building to Building 9 at the instruction of her superiors. (*Id*. at pp. 3-4).

While using this walkway, Plaintiff avers she slipped and fell forward on ice, on her knees, elbow and forehead, due to negligent failure by the Defendant to properly maintain and clear the path of snow and ice despite having notice of the danger and ample time to take reasonable precautions. (*Id.*).  Plaintiff alleges that she was then transported *via* ambulance to Pocono Medical Center.  (*Id.*).          As a result of her fall, Plaintiff alleges injuries, including but not limited to, "a head laceration with probable concussion, L4-5 and L5-S1 disc herniation with probable L4 nerve root entrapment on the left side and L5 nerve root entrapment on the left side, C6-C7 and C7-T1 disc herniation with cervical and lumbosacral radiculopathy." (*Id.* at p. 6).  Plaintiff further alleges she incurred $34,314.68 in medical expenses as of January 13, 2009, and $200,000.00 in lost wages as of the filing of her Complaint. (*Id.* at pp. 6-7).  Plaintiff elaborates that the pain, suffering, and lost wages resulting from her injuries will be permanent and that she will be required to expend extensive amounts of money in the future to treat her permanent injuries. (*Id.* at pp. 7-8).  In addition to continued medical expenses, Plaintiff alleges that, while she can maintain  employment, she may never return to her previous employment status as a heavy laborer, and thus will suffer an impairment in earning capacity resulting in future lost wages. (*Id.*).

As stated in her Complaint, on May 24, 2006, Plaintiff submitted an official Tort Claims Notice ("Form 95") to the Department of Army, claiming a total of two hundred fifty thousand ($250,000.00) dollars. (*Id.* at p. 8).  However, Plaintiff avers that her medical condition continued to deteriorate resulting in permanent injury and that such deterioration was not reasonably predictable or discoverable at the time of filing her tort claim with the Army. (*Id.*).

Plaintiff also avers that at the time she submitted her tort claim, she believed she could return to work at some time, but that later "it became apparent that the Plaintiff could not return to work and a physical capacities evaluation was performed almost one year after the submission of the original [tort] claim to the Defendant in which it was determined that the Plaintiff could not return to her prior employment." (*Id*., pp. 8-9). Additionally, Plaintiff avers that it was also determined "based upon new evidence including, but not limited to, a physiatrics independent medical evaluation that the Plaintiff had been evaluated as having a permanent impairment rating of the whole person." (*Id*., p. 9). Plaintiff also avers that after she submitted her tort claim, she continued to accumulate medical bills as well as indemnity and wage loss, and that she updated her tort claim *via* correspondence with Defendant. (*Id*.).

Thus, Plaintiff avers that the permanence and full extent of her physical injuries and monetary damages did not come to light until an Impairment Rating Evaluation was conducted on April 2008 by Kenneth W. Gentilleza, M.D. (*Id.;* Doc. 18 Ex. I). According to the Impairment Rating Evaluation, Plaintiff has an "18% of the whole person impairment rating." (Doc. 18 Ex. I).

The Department of Army officially rejected Plaintiff's two hundred fifty thousand ($250,000) dollar tort claim on January 8, 2010. (Doc. 18, Ex. N at 1).

As stated above, after the rejection of her tort claim, Plaintiff timely instituted the instant FTCA action seeking seven hundred fifty thousand ($750,000) dollars in addition to the two hundred fifty thousand ($250,000) dollars claimed in her tort claim Form 95, totaling one million ($1,000,000) dollars. (Doc. 1 at pp. 9-10). Plaintiff bases her claim for monetary

damages in excess of her tort claim amount on the alleged continued deterioration of her medical condition and the newly discovered permanence of her injuries. (Doc 1 at pp. 8-9.).

On December 3, 2010, the Court issued an amended Scheduling Order and set the discovery deadline at February 2, 2011, and the dispositive motion deadline at May 2, 2011. (Doc. 14).

On May 2, 2011, Defendant filed a Motion for Partial Summary Judgment along with a Statement of Material Facts ("SMF") with attached exhibits, and a support brief.  (**Docs. 15**, 16 and 17).  Defendant seeks partial summary judgment in order to limit Plaintiff's claim for damages in the present case to the amount of her tort claim of two-hundred fifty-thousand dollars ($250,000) pursuant to 28 U.S.C. § 2675(b). (Doc. 15). Plaintiff filed her opposition brief with attached exhibits on May 24, 2011.  (Doc. 18).  Plaintiff did not file a separate paragraph-by-paragraph response to Defendant's SMF as she was required to do by Local Rule 56.1, M.D. Pa.  Thereafter, Defendant filed a reply brief with an attached unreported M.D. Pa. case.  (Doc. 19).

Defendant's Motion for Partial Summary Judgment is ripe for disposition.[1]

**II.  Standard for Summary Judgment**.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any

---

[1]We have been assigned this case for pre-trial matters.

affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination.").

**III.  Federal Tort Claims Act.**

The United States of America is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. § 2675 (a).  *See Rosario v BOP*, 2007 WL 951468, * 4 (M.D. Pa.).  According to the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ...

unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  Thus, a private Plaintiff may not sue the U.S. under the FTCA without first having filed a claim with the appropriate responsible federal agency. *Id.*; *see Albani v. U.S.*, 2010 WL 2364426, *6 (E.D. Pa.,2010. June 09, 2010).[2]

Section 2675(a) further elaborates that a claim against the U.S. may not exceed the amount initially claimed against the appropriate federal agency. *Id.*  However, a Plaintiff will not be barred from claiming additional damages under the FTCA if newly discovered evidence, not known or reasonably discoverable at the time of the filing of the claim, has come to light. *See McDonald v. U.S.*, 555 F. Supp 935, 958 - 59 (M.D. Pa 1983).  In *Belcher v. U.S.,* 2005 WL 2175709, *3 (M.D. Pa. September 06, 2005), the Court stated:

> Prior to filing an FTCA action against the United States, a plaintiff must first have presented the claim to the appropriate federal agency and the claim must have been denied. *See* 28 U.S.C. § 2675. Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. *See McMichael v. United States,* 856 F.2d 1026, 1035 (8th Cir.1988). [FN2]
>> FN2. Specifically, 28 U.S.C. § 2675(b) provides:
>> Action under this section shall not be instituted for any sum in excess of the claim presented to the federal agency not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

---

[2]There is no dispute in our case that Plaintiff exhausted her administrative remedies prior to filing this FTCA action with this Court.

**IV.  Discussion.**

Initially, we agree with Defendant and its note one in its reply brief (Doc. 19, p. 2, n. 1) that since Plaintiff failed to file a proper response to Defendant's SMF, all of Defendant's facts in its SMF are deemed admitted under Local Rule 56.1.  As stated, Plaintiff failed to file a proper paragraph-by-paragraph response to Defendant's SMF as required by Local Rule 56.1, M.D. Pa.  Rather, Plaintiff's opposition brief contains 3 pages of counterstatement of facts, but she fails to separately admit or deny any of Defendant's SMF.  (Doc. 18, pp. 3-6).  Thus, Plaintiff, who is represented by counsel, failed to follow Local Rule 56.1, M.D. Pa., as she was required to do.  Defendant, however, properly filed its SMF according to Local Rule 56.1. (Doc. 16).  Defendant cites to evidence in the record with respect to 31 of its 32 facts and its SMF are undisputed. (Doc. 16, pp. 1-7).[3]

Therefore, we find Plaintiff has not properly responded to Defendant's SMF as required by LR 56.1 of M.D.Pa. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michtavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(Third Circuit found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed); *Velentzas v. U.S.A.*, Civil No. 07-1255, M.D. Pa., 2010 WL 3896192 (8-31-10).

---

[3]Defendant did not cite to the record with respect to its ¶ 32 of its SMF which states that Plaintiff failed to provide Defendant with any estimate for when she will require surgery to replace discs in her neck which she alleges she will eventually need.  Thus, we do not accept ¶ 32 as undisputed.

Because of Plaintiff's failure to properly respond to Defendant's Statement of Facts, we accept ¶'s 1-31 of Defendants' Statement of Facts since they are all supported by its evidence (Doc. 16, Exs. A-I) and since Plaintiff has not responded to them. *See Hodge v. United States*, 2009 WL 2843332 (M.D. Pa.).

Further, we have reviewed Defendant's SMF, and all of the facts stated in ¶'s 1-31 are accurately supported by reference to its evidence. We also consider Plaintiff's evidence submitted with her opposition brief. (Doc. 18).

The issue with respect to Defendant's motion for partial summary judgment is whether Plaintiff's claim for damages in this case should be limited to the sum of two hundred fifty thousand ($250,000) dollars she requested in her administrative tort claim submitted to the Department of Army. Defendant argues that Plaintiff is limited to the $250,000 damages amount in this FTCA suit and that her request for more damages than her tort claim should be stricken.

Plaintiff contends that the court should allow her to increase the amount of her request for damages by $750,000 to $1,000,000 and, that the court should deny Defendant's motion for partial summary judgment because: (1) her medical condition changed after the filing of her tort claim and the change was not reasonably discoverable at the time she filed her tort claim; (2) she continuously submitted reports of her deteriorating medical condition to the Department of Army after filing her tort claim and thus Defendant was on notice of new evidence regarding her medical condition; and (3) a material issue of fact exists regarding the newly discovered evidence that must be reserved for trial. (Doc. 18, pp. 5-8).

Defendant responds, however, that: (1) Plaintiff's submission of medical records after filing her tort claim does not satisfy the FTCA requirements; (2) Plaintiff's alleged evidence is not in fact newly discovered; and (3) there exists no issue of material fact regarding this alleged newly discovered evidence because it was reasonably discoverable at the time she filed her tort claim. (Doc. 19, pp. 2-11).

We do not agree with Defendant's first contention that the Plaintiff's continued submission of evidence regarding her medical condition before the final rejection of her tort claim indicates that she was aware of all of her conditions, thus barring her from claiming more damages than claimed on her May 25, 2006 Form 95 tort claim.  Specifically, Defendant argues that Plaintiff is barred from increasing the amount of damages requested in this FTCA action because she was aware of her medical conditions and severity and, failed to amend her tort claim under 28 C.F.R. §14.2(c) during the three years and seven months between filing her Form 95 tort claim and filing the instant FTCA Complaint.  Plaintiff states that while she did not file a new or amended tort claim, she could not have predicted the permanency of her injuries when she filed her tort claim.  Plaintiff also states that her exhibits attached to her Doc. 18 opposition brief, which were all sent to the Army during the time her tort claim was pending, show that she was essentially revising her tort claim as to the permanency of her injuries. Plaintiff concludes that Defendant has not been prejudiced since it was well aware of the alleged permanence of her injuries through her updated medical report provided to the Army before it finally denied her tort claim on January 8, 2010.  Plaintiff further points out that her counsel responded to the Army's March 18, 2009 request for updated medical information *via*

10

a letter dated April 20, 2009, and that her counsel stated that he believed if the case went to trial, a judge would certainly award $250,000 "and upwards."  (Doc. 18, pp. 2-3, Exs. K and L).

According to the FTCA, the determination of whether or not a Plaintiff may increase the requested damages depends upon whether new evidence regarding a claimant's medical condition was reasonably discoverable at the time of filing the Form 95 tort claim, or upon allegation and proof of intervening facts, relating to the amount of the claim.  28 U.S.C. § 2675 (b).  In the present case, the record indicates that the permanence of Plaintiff's injuries and conditions was not reasonably discoverable by her at the time she filed her Form 95 tort claim on May 25, 2006.  (Doc. 18, Exs. C-I).  The record also shows that Plaintiff continually updated the Army as to her medical conditions during the pendency of her tort claim with it.

Defendant correctly states that, under the FTCA, a claimant must administratively exhaust a claim prior to filing a claim in court. (Doc. 19, p. 3).  Defendant states in relevant part:

> The federal regulations permit an administrative claim to be amended "at any time prior to final administrative action..."28 C.F.R. § 14.2 (c) (emphasis added). "Amendments shall be submitted in writing and signed by claimant or his duly authorized agent or legal representative." Id.

(Doc. 19, p. 3).

While the federal regulations indicate that a claimant *may* amend a Form 95, the statute does not *require* claimants to amend a claim before a final determination by the appropriate federal agency.  28 C.F.R. § 14.2 (c). Thus, we do not find that Plaintiff's failure to amend her Form 95 tort claim after she filed bars her from seeking damages in excess of her claim in this

11

FTCA suit.  Also, as stated, Plaintiff's counsel continually updated the Army as to Plaintiff's condition during the pendency of Plaintiff's tort claim with the Army.

We find no merit to Defendant's contention that Plaintiff's alleged newly found evidence is not in fact new since the summary judgment standard requires that the court consider all facts in the light most favorable to the non-moving party.  Here, the Plaintiff alleges that at the time of filing her Form 95 tort claim, three months after her fall, she believed her injuries were soft tissue injuries and, that her conditions were temporary and would eventually allow her to return to her previous employment status as a heavy laborer. (Doc. 18, p. 6).  As mentioned, Plaintiff attaches to her brief the documents she provided to the Department of Army after she filed her Form 95 tort claim and before it denied her claim, documenting her continued expenses and treatment. (*See* Doc. 18, Exs. A-N).  Most significantly, Plaintiff cites to an Impairment Rating Evaluation, conducted on April 11, 2008, by Dr. Gentilezza after filing her Form 95 tort claim, which indicated that Plaintiff, as a result of her December 27, 2005 work injury, suffered an "18% impairment of the whole person" and that "she has achieved maximum medical improvement."  (Doc. 18, Ex. I).  The Report concluded that "18 percent was awarded based upon the severity of [Plaintiff's] radiculapathy."  (*Id*., pp. 5-6).  Plaintiff avers (Doc. 1, p. 7) that an 18% impairment of the whole person qualifies as permanent impairment.

The Defendant argues that neither Dr. Gentilezza's Report nor any other evidence Plaintiff submitted to the Department of Army after filing her Form 95 tort claim indicates any new "diagnosis." (Doc. 19, pp. 7-8).  However, Defendant fails to recognize that the new

evidence cited relates not to additional injuries, but to new evidence indicating that those injuries suffered will remain permanent.[4]  As the Plaintiff points out, the newly discovered evidence derived from the Impairment Evaluation Report of Dr. Gentilezza is one of a change in expectation.  In *Fraysier v. United States of America*, 766 F.2d 478, 480 (11th Cir. 1985), relying partly on *McDonald*, the Court stated in relevant part:

> In *United States v. Alexander*, 238 F.2d 314, 318 (5th Cir. 1956), this court allowed an increase in damages based on a "change of expectation" evidence.  Plaintiff there discovered that his arm would not improve without surgery, when at the time of filing he anticipated that it would heal. In other situations courts have found that a "change of expectation" is sufficient to fulfill section 2675 (b)'s requirement. *See Huvosky v. United States*, 590 F.2d 9444, 954-55 (D.C. Cir. 1978) (prediction of child's increased life span warranted increased damages); *McDonald v. United States*, 555 F.Supp. 935, 957-62 (M.D. Pa. 1983) (change in knowledge of severity of GBS-induced impairments in part supported newly discovered evidence determination) aff'd mem., 738 F.2d 423 (3d Cir. 1984); *Rabovsky v. United States*, 265 F.Supp. 587 (D.Conn. 1967) (plaintiff, who through no fault of his own did not get physician's statement prior to filing and did not know the medical extent and expense of injuries, was allowed to increase damages after securing medical opinion).

Taking the instant evidence in the light most favorable to the Plaintiff, as we must, we agree with Plaintiff that the Impairment Evaluation Report of Dr. Gentilezza  provides new evidence as to the permanent nature of her injuries she suffered in the December 27, 2005 fall.  We also agree with Plaintiff that she was not reasonably aware of the permanence of her

---

[4] As stated above, the Impairment Evaluation Report of Dr. Gentilezza does in fact state that the Plaintiff has reached maximum possible recovery from the injuries suffered, indicating permanency.  (Doc. 18, Ex. I).

injuries when she filed her tort claim, and that she continually provided the Army with updates as to her conditions and the changes in severity found to them during the pendency of her tort claim.

The next issue we address is whether or not the Plaintiff should reasonably have discovered the permanence of her injuries prior to the filing of her Form 95 tort claim on May 25, 2006, with the Army.  We find that in viewing the evidence in a light most favorable to Plaintiff, Plaintiff could not have reasonably discovered the permanence of her injuries at the time she filed her tort claim.  As discussed, Plaintiff properly cites to evidence in the record including the form of Dr. Gentilezza's April 11, 2008 Impairment Evaluation Report . (Doc. 18, Ex. I).

Thus, we will recommend that Defendant United States' Motion for Partial Summary Judgment **(Doc. 15)** be denied, and that Plaintiff's claim for damages in this FTCA action not be limited to $250,000.

**V.  Recommendation.**

Based on the foregoing, we respectfully recommend that Defendant United States' Motion for Partial Summary Judgment **(Doc. 15)** be DENIED.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated:   August 22, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH DOWLING, | : | |
| | : | CIVIL ACTION NO. **1:CV-10-472** |
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 22, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                **s/ Thomas M. Blewitt**
                                                                 **THOMAS M. BLEWITT**
                                                                 **United States Magistrate Judge**

**Dated: August 22, 2011**