UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH DOWLING, | : | |
| Plaintiff, | : | |
| | : | Civil No. 3:10-CV-472 |
| v. | : | |
| | : | (Judge Kosik) |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

Presently before us is the Report and Recommendation ("R&R") of Magistrate Judge Blewitt filed on August 22, 2011. (Doc. 20). Defendant has filed its objections to the R&R and its Reply to Plaintiff's Response to Defendant's Objections to the Report and Recommendation. (Doc. 21, 23). Plaintiff has responded to Defendant's objections. (Doc. 22). Jurisdiction is alleged pursuant to 28 U.S.C. § 1346(b). For the reasons that follow, we will adopt the Magistrate Judge's recommendation that Defendant's Motion for Partial Summary Judgment be denied.

### Procedural History

On about May 24, 2006, Plaintiff submitted an official Tort Claims Notice ("Form 95") to the Department of Army claiming a total of two hundred fifty thousand ($250,000) dollars for damages incurred in an accident occurring on the Defendant's property known as the Tobyhanna Army Depot located in Tobyhanna, Monroe County, Pennsylvania on December 27, 2005. (Doc. 1, ¶ 2). The Department of Army officially rejected this tort claim on January 8, 2010. (Doc. 20, p. 3). After the rejection, Plaintiff then filed a Complaint against Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680) ("FTCA"). (*Id.,* p. 1). In the Complaint, Plaintiff sought an additional seven hundred fifty thousand ($750,000) dollars, in addition to the two hundred fifty ($250,000) dollars claimed in her Form 95, for a total of one million ($1,000,000) dollars. (*Id.,* p. 3). Plaintiff's increase of

damages is based on the alleged continued deterioration of her medical condition and the newly discovered permanence of her injuries. (*Id.*, p. 3-4). The discovery deadline was set for February 2, 2011 and the dispositive motion deadline was set for May 2, 2011, pursuant to an amended Scheduling Order on December 3, 2010. (*Id.*, p. 4).

Defendant filed a Motion for Partial Summary Judgment, a brief in support, and a Statement of Material Facts with attached exhibits on May 2, 2011. (Doc. 15, 16, 17). Defendant seeks partial summary judgment in order to limit the damages in Plaintiff's claim to the amount of her tort claim ($250,000) pursuant to 28 U.S.C. § 2675(b). (Doc. 15). Plaintiff filed a brief in opposition to the motion with attached exhibits on May 24, 2011. (Doc. 18). Plaintiff failed to file a separate paragraph-by-paragraph response to Defendant's Statement of Material Facts as required by Local Rule 56.1, M.D. Pa.[1] (Doc. 20, p. 4). Thereafter, Defendant filed a reply brief. (Doc. 19).

On August 22, 2011, Magistrate Judge Blewitt issued a R&R recommending that Defendant's Motion for Partial Summary Judgment be denied. (Doc. 20). The Magistrate Judge found that Plaintiff's counsel continually updated the Army as to Plaintiff's condition during the pendency of Plaintiff's tort claim with the Army; that the Impairment Evaluation Report of Dr. Gentilezza provides new evidence as to the permanent nature of the injuries Plaintiff suffered in the December 27, 2005 fall; and that Plaintiff could not have reasonably discovered the permanence of her injuries prior to the filing of her Form 95. (*Id.*). Defendant filed objections to the R&R and a reply to Plaintiff's response to Defendant's objections.

---

[1]The Magistrate Judge found that since Plaintiff failed to file a proper response to Defendant's Statement of Material Facts, all of Defendant's facts in its Statement of Material Facts are deemed admitted under Local Rule 56.1. (Doc. 20, p. 8). The Magistrate Judge accepted paragraphs 1-31 of Defendant's Statement of Material Fact since they were all accurately supported by reference to its evidence and Plaintiff had not responded to them. (*Id.*, p. 9). Paragraph 32 of Defendant's Statement of Material Facts did not cite to the record, so the Magistrate Judge did not accept it as undisputed. (*Id.*, p. 8, n. 3). The Magistrate Judge also considered Plaintiff's evidence submitted with her opposition brief. We agree and adopt this portion of the Magistrate Judge's R&R.

(Doc. 21, 23).  Plaintiff filed a response to Defendant's objection to the R&R.  (Doc. 22).

**Factual Background**

In her Complaint, Plaintiff alleges that she was an employee of Defense Support

Services, LLC, and was employed through that employer as a civilian contractor/employee at

the U.S. Army Depot located in Tobyhanna, Monroe County, Commonwealth of

Pennsylvania.  (Doc. 1, ¶ 5).  Plaintiff further alleges that Defendant was in possession and

control of the United States Army facility known as the Tobyhanna Army Depot located at 11

HAP Arnold Boulevard, Tobyhanna, Monroe County, Commonwealth of Pennsylvania.  (*Id.*,

¶ 6).

On Tuesday, December 27, 2005, Plaintiff used a walkway on the grounds of the Army

Depot to go from the main building to Building 9 at the instruction of her superiors.  (Doc. 20,

p. 1).  Plaintiff avers that she "lost her footing when her toe contacted a heavy chunk of ice

and she lost her balance, her opposing foot landing on uneven loose snow and ice, and she was

unable to catch her balance, falling forward, landing flat on her knees, elbow, and forehead."

(Doc. 1, ¶ 13).  Plaintiff alleges that her fall was due to negligent failure by the Defendant to

properly maintain and clear the path of snow and ice despite having notice of the danger and

having ample time to take reasonable precautions.  (Doc. 20, p. 2).  After the fall, Plaintiff was

transported to the Pocono Medical Center in an ambulance.  (Doc. 1, ¶ 15).

Plaintiff alleges to injuries including, but not limited to, "a head laceration with

probable concussion, L4-5 and L5-S1 disc herniation with probable L4 nerve root entrapment

on the left side and L5 nerve root entrapment on the left side, C6-C7 and C7-T1 disc

herniation with cervical and lumbrosacral radiculopathy," as a result of her fall.  (*Id.,* ¶ 17).

She further claims that she has been and will continue to be in "great physical, mental and

emotional pain and distress, all to her great financial damage."  (*Id.,* ¶ 18).  Plaintiff alleges to

have incurred an amount of thirty four thousand three hundred fourteen and 68/100

($34,314.68) dollars in medical expenses as of January 13, 2009, and in excess of two hundred

thousand ($200,000) dollars in lost wages as of the date of the filing of the Complaint. (*Id.,* ¶¶ 19, 20).  Plaintiff claims she will be required to expend extensive amounts of money in the future to treat her permanent injuries and that she will suffer an impairment in her earning capacity resulting in future lost wages[2]. (Doc. 20, p. 2).

On May 24, 2006, Plaintiff submitted Form 95 to the Department of Army, claiming a damage total of two hundred fifty thousand ($250,000) dollars. (*Id.,* p. 2).  Plaintiff avers, however, that her medical condition continued to deteriorate resulting in permanent injury and that such deterioration was not reasonably predictable or discoverable at the time of filing her Form 95 with the Army. (*Id.*).  Plaintiff alleges that at the time she submitted her claim to the Army, she was under the assumption she could return to work. (*Id.,* p. 3).  Later though, it became apparent that Plaintiff could not return to work[3]. (*Id.*).  Plaintiff also alleges that "based upon new evidence including, but not limited to, a physiatric independent medical evaluation that the Plaintiff had been evaluated as having a permanent impairment rating of the whole person..." (Doc. 1, ¶ 27).  Plaintiff avers that she continues to accumulate medical bills and indemnity and wage loss and that she has updated her administrative claim through correspondence with the Defendant. (*Id.,* ¶ 28).  According to Plaintiff, the permanence and full extent of her physical injuries and monetary damages did not come to light until an Impairment Rating Evaluation conducted in April 2008 by Kenneth W. Gentilezza, M.D., which evaluated Plaintiff as having an 18% of the whole person impairment rating. (Doc. 20, p. 3).

On January 8, 2010, the Department of Army officially rejected Plaintiff's tort claim.

---

[2]Plaintiff alleges her future lost wages result from the fact that she can maintain employment, but that she may never return to her previous employment status as a heavy laborer. (Doc. 20, p. 2).

[3]A physical capacities evaluation was performed almost one year after the submission of the original tort claim to the Defendant in which it was determined that the Plaintiff could not return to her prior employment. (Doc. 20, p. 3).

(*Id.*).  As discussed above, Plaintiff then instituted the action currently in front of us.  (*Id., p.* 3-4).

## Standard of Review

### I. Motion for Summary Judgment

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* at 249.  The court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.  *Hugh v. Butler County Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005).

Initially the moving party must show the absence of a genuine issue concerning any material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Anderson,* 477 U.S. at 257; *see Celotex Corp.,* 477 U.S. at 323-24.  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."  *Hugh,* 418 F.3d at 267 *citing Anderson,* 477 U.S. at 251.  Neither unsworn statements of counsel in memoranda submitted to the court nor unsupported conclusory allegations in the pleadings will dispute a material fact.  *See* Fed. R. Civ. P. 56(e); *Schoch v. First Fid. Bancorp.,* 912 F.2d 654, 657 (3d Cir. 1990).

If the court determines that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then no genuine issue for trial exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  Rule 56 mandates the entry of

summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## II. Federal Tort Claims Act

The FTCA permits the federal government to be sued for common law torts. 28 U.S.C. § 2674. It establishes that the United States, except in limited circumstances, can be held liable for negligence to the same extent as a private individual. *Id.*; *United States v. Muniz*, 374 U.S. 150, 153 (1963). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment. 28 U.S.C. § 2675(a); *See Rosario v BOP*, 2007 WL 951468, *4 (M.D. Pa.).

Prior to filing a FTCA claim in court, a plaintiff must present an administrative grievance with the appropriate federal agency. Title 28, section 2675(a) of the United States Code provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death caused by the negligence or wrongful act or omission from any employee of the Government while acting within the scope of his office or employment unless the plaintiff shall have first presented the claim to the appropriate federal agency and the claim shall have been finally decided by the agency.

28 U.S.C. § 2675(a). This section further elaborates that a claim against the U.S. may not be instituted for any sum in excess of the amount of the claim presented to the federal agency. *Id.* at 2675(b). Additional damages may be claimed under the FTCA, however, if "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." *Id.* The plaintiff bears the burden of showing the court any newly discovered evidence, or intervening fact bearing on his or her injury, that would

6

allow for a sum in excess of the amount of the claim presented to the federal agency. *See Schwartz v. U.S.,* 446 F.2d 1380, 1381-82 (3rd Cir. 1971).

## III. Objections

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks,* 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984).

### Discussion

## I. Newly Discovered Evidence? - The Report of Dr. Kenneth W. Gentilezza

The Magistrate Judge recommends denying Defendant's Motion for Partial Summary Judgment and allowing the Plaintiff to increase her requested damages because there was new evidence regarding her medical condition. (Doc. 20, p. 12). The Magistrate Judge found that the new evidence came in the form of the Impairment Evaluation Report of Dr. Kenneth W. Gentilezza which provided, for the first time, evidence as to the permanent nature of the injuries Plaintiff suffered in the December 2005 fall. (*Id.* at p. 13). Defendant objects to this finding arguing that the Magistrate Judge applied the wrong interpretation of section 2675(b) of the FTCA; that Plaintiff was aware of the global extent of her injuries; and that the report did not indicate any new diagnosis or condition not previously known to Plaintiff. (Doc. 21, p. 4-13; Doc. 23, p. 1-5). Plaintiff responds citing Third Circuit precedent in favor of the Magistrate Judge's opinion and argues that Dr. Gentilezza's report was the first document, to

Plaintiff's knowledge, which made any permanent diagnosis of her condition. (Doc. 22, p.4-6).

Various circuits and courts have discussed what constitutes newly discovered evidence that would allow a claimant to raise his or her claim above that which was claimed in the original administrative claim. In his R&R, the Magistrate Judge relies on the Eleventh Circuit case of *Fraysier v. United States,* 766 F.2d 478 (11ᵗʰ Cir. 1985). (Doc. 20, p. 13). The *Fraysier* case involves a FTCA suit brought by plaintiff to recover injuries that resulted from a swine flu vaccination. *Id.* The court in that case found that "newly discovered evidence" could come in the form of a change in expectation. *Id.* at 480.

The Defendant encourages us to apply the First Circuit precedent of *Reilly v. United States* when interpreting section 2675(b). *Reilly v. United States,* 863 F.2d 149, 170-173 (1ˢᵗ Cir. 1988). In *Reilly,* a medical malpractice claim was brought by plaintiffs under the FTCA due to the negligence of the physician in an infant's birth. *See id.* Since Plaintiffs in that case were aware of the global extent of the infant's injuries at the time of the filing of the administrative claim, an increase to the claim amount was not permitted. *Id.* When considering "newly discovered evidence," the *Reilly* court found that evidence that was merely cumulative or confirmatory of earlier diagnoses was not enough. *Id.* at 171. It required more than the "mere fact that these dread consequences, feared from the beginning, had become more certain...to brand them 'newly discovered.'" *Id.* at 172. When filing an administrative claim for damages, even if injuries are not certain, but anticipated and reasonably foreseeable, then a plaintiff should take that into consideration when stating a sum certain for his or her claim. *See id.* at 173.

The Plaintiff insists that there is Third Circuit precedent to back the Magistrate Judge's opinion. (Doc. 22, p. 4). *McDonald v. United States* involved another suit brought under the FTCA for injuries allegedly sustained as a result of the swine flu vaccination. *McDonald v. United States,* 555 F. Supp. 935 (M.D. Pa. 1983). The court in *McDonald* allowed for a larger

8

claim than originally filed because a complex injury was involved, the seriousness and full extent of the injury only revealed itself with the passing of time, and the various changes in physical and mental status constituted "newly discovered evidence" under the FTCA statute. *See id.*

In our case, when Plaintiff originally filed her administrative claim, she cited the nature and extent of each injury as, "[t]rauma to upper forehead - laceration. Injured neck, lower back, left arm, shoulder, headaches. Had EMG for lower back (pinched nerve). Had MRI of neck and lower back (inconclusive). CT scan of head. CT of cervical spine - cross table lateral." (Doc. 16, Ex. A, Att. 1). In her complaint, Plaintiff lists her injuries as "a head laceration with probable concussion, L4-5 and L5-S1 disc herniation with probably L-4 nerve root entrapment on the left side and L5 nerve root entrapment on the left side, C6-C7 and C7-T1 disc herniation with cervical and lumosacral reiculopathy." (Doc. 1, ¶ 17). While the latter list seems to be a more specific listing of Plaintiff's injuries, for the purposes of summary judgment, we must construe all evidence in the light most favorable to Plaintiff. Plaintiff insists that at the time she filed her claim, her condition could be described as soft tissue injury with temporary conditions. (Doc. 19, p. 6). The exam by Dr. Gentilezza did not occur until over two years after the accident, and it seemed to be the first concrete diagnosis where a doctor stated that Plaintiff had reached her maximum level of medical improvement and had an eighteen percent (18%) impairment on the whole person. (Doc. 16, Ex. G).

*Fraysier* and *McDonald* allow a claim to be increased because of changes in expectations or seriousness or extent of injuries. *Reilly* will not allow an increase if the plaintiff is aware of the global extent of her injuries. In *Letoski v. United States, F.D.A.,* the court allowed for an increase in complaint damages because the full benefits of medical diagnosis were not available to him. *Letoski v. United States, F.D.A.,* 488 F. Supp. 952, 958 (M.D. Pa. 1979). The fact that the instant Plaintiff's injuries are now being viewed as permanent is a change in expectations or in the extent of the injury that qualifies as "newly

9

discovered evidence" under section 2675(b) of the FTCA.

## II. Was the New Evidence Reasonably Discoverable?

The Magistrate Judge also recommends denying Defendant's Motion for Partial Summary Judgment because Plaintiff could not have reasonably discovered the permanence of her injuries at the time she filed her tort claim. (Doc. 20, p. 14). The Magistrate Judge cites to Plaintiff's evidence in the record, including Dr. Gentilezza's report, in support of his finding. (*Id.*). Defendant objects to this finding and also notes that the Magistrate did not provide analysis supporting this conclusion. (Doc. 21, p. 14; Doc. 23, p. 5). Defendant argues that the evidence was reasonably discoverable through the exercise of reasonable diligence. (Doc. 21, p. 14). The Objections cite Plaintiff's medical records that indicate that Plaintiff's "doctors were aware as early as January 9, 2006 that her symptoms may become intractable to conservative management." (*Id.*, p. 15). Further, Defendant argues that Dr. Gentilezza's report did not identify any condition that was not previously known and that Plaintiff did not make any inquiries into the permanency of her condition. (Doc. 23, p. 6). Plaintiff responds to these objections reiterating the Magistrate Judge's specific finding of fact that Plaintiff could not have reasonably discovered the permanence of her injuries at the time she filed her tort claim. (Doc. 22, p. 6).

There again exists a split in the circuits over what is or is not "reasonably discoverable." Some circuits "hold that, when existing medical evidence and advice put the claimant 'on fair notice to guard against the worst case scenario' in preparing their administrative claim, a § 2675(b) motion to increase the claim in litigation will be denied." *Lowry v. United States,* 958 F. Supp. 704, 718 (D. Mass 1997) (internal citations omitted). While other courts hold that a known injury can worsen in ways that are not reasonably discoverable. *Id.* The *Fraysier* court discussed reasonably discoverable in terms of whether "a prediction of plaintiff's improvement could not have been made with any certainty at the time of filing" and found that plaintiff should not be charged with knowing what the doctors

10

could not tell. *Fraysier,* 766 F.2d. At 481.  The *Reilly* court held that a worst-case scenario prognosis be made by claimant when filing with the agency.  *Reilly,* 863 F.2d at 172.  The *McDonald* court relied on the availability of medical diagnosis and the extent of the injuries in deciding whether plaintiff's evidence was reasonably discoverable, focusing on the unique nature of Plaintiff's injury.  *McDonald,* 555 F. Supp. at 958-959.

Plaintiff filed her administrative claim approximately five months after the accident occurred. (Doc. 20, p. 1-2).  The impairment evaluation did not occur until over two years after that.  (*Id.,* p. 3).  Defendant again reiterates that Dr. Gentilezza's report does not identify any condition previously unknown. (Doc. 23, p. 6).  Defendant points to medical records that state, "[i]f the patient's symptoms become intractable to conservative management, the patient will need MRI of the cervical spine and LS spine to further investigate the etiology."  (Doc. 23, p. 6-7; Doc. 16, Ex. E).  Defendant argues that this shows that Plaintiff should have been reasonably aware of the permanence of her injuries.  (*Id.*).  However, an alternative reading of this statement in the record could suggest that Plaintiff's symptoms may be harder to deal with or not easily managed, not necessarily that Plaintiff will be permanently injured.  Further, Plaintiff's medical records show that in the interim time between the accident and the filing of the administrative claim, Plaintiff believed that her injuries were temporary and would improve over time.  (*See* Doc. 18).

The nature of Plaintiff's injuries, though not nearly as complex as those involved in the *McDonald* case, have made it difficult to ascertain a temporary or permanent characteristic when looking at the evidence in the light most favorable to the Plaintiff.  The full extent of Plaintiff's injuries before the filing of the claim were not reasonably discoverable.

### III.  Did Plaintiff Amend Her Administrative Claim?

Finally, the Magistrate Judge recommends denying Defendant's Motion for Partial Summary Judgment because Plaintiff's failure to amend her Form 95 tort claim does not bar her from seeking damages in excess of her claim in this FTCA suit.  (Doc. 20, p. 11).  In

addition to the newly discovered evidence that was found to be not reasonably discoverable, the Magistrate Judge also notes that Plaintiff's counsel continually updated the Army as to Plaintiff's condition during the pendency of Plaintiff's claim, and that the filing of an amended claim under 28 C.F.R. § 14.2(c) is merely permissive and not required. (*Id.,* p. 12). The Magistrate Judge merely references this point, but Plaintiff expands upon it in her Response to Defendant's Objection asserting that the continual updates to Defendant from Plaintiff's counsel served as notice of the increased claim amount and constituted amendment of the claim from a technical standpoint. (Doc. 22, p. 7). Defendant responds to this assertion stating that Plaintiff's counsel's updates do not satisfy the statutory or regulatory requirements to amend an administrative claim. (Doc. 23, p. 9).

An FTCA claim "may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a). Amendments shall be in writing and signed by the claimant or his duly authorized agent or legal representative." 28 U.S.C. § 14.2(c). We agree with the Magistrate Judge's finding that while the "federal regulations indicate that a claimant *may* amend a Form 95, the statute does not *require* claimants to amend a claim before a final determination by the appropriate agency." (Doc. 20, p. 11). *See Husovsky v. United States,* 590 F.2d 944, n.24 (D.C. App. 1978) *and McCormick v. United States,* 539 F. Supp. 1179, n.2 (D.C. Colo. 1982). Despite an amendment not being required, we do not agree that the updated letters from counsel would constitute an amendment of the FTCA claim. Though the updates informed Defendant of the financial situation of the claim, it still did not state a specific sum certain in regards to the final value of damages claimed. This Circuit has held that because the FTCA "constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *White-Squire v. U.S. Postal Service,* 592 F. 3d 453, 456 (3rd Cir. 2010) *citing Livera v. First Nat'l State Bank of N.J.,* 879 F.2d 1186, 1194 (3rd Cir. 1989). Because we strictly construe the statute, we find that the various letters to Defendant from Plaintiff's counsel will not

12

constitute an amendment of the claim.  Regardless, because an amendment is not required, we find that the Plaintiff can seek the higher claim value sought in her Complaint..

## Conclusion

We will adopt the Magistrate Judge's R&R.  Viewing the evidence in the light most favorable to Plaintiff, we find that new medical evidence, that was not reasonably discoverable, would allow for an increase in Plaintiff's damages claim.  Defendant's Motion for Partial Summary Judgment will be denied.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BETH DOWLING,                        :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :          Civil No. 3:10-CV-472
                                     :
THE UNITED STATES OF AMERICA,        :          (Judge Kosik)
                                     :
          Defendant.                 :

## ORDER

AND NOW, this 31st day of October, 2011, IT IS HEREBY ORDERED THAT:

1.   The Report and Recommendation of Magistrate Judge Blewitt (Doc. 20) is
     adopted in part and rejected in part;

2.   Defendant's Motion for Partial Summary Judgment (Doc. 15) is denied; and

3.   A pretrial conference in this case shall be set forthwith.

                                        Edwin M. Kosik
                                        United States District Judge

14